FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05117-RHW <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, filed on September 17, 2018. ECF No. 8. Plaintiff is represented by attorney Chad L. Hatfield, and Defendant is represented by Special Assistant United States Attorney Martha A. Boden. Plaintiff did not file a response to this motion. This motion was decided without oral argument.

## **BACKGROUND**

On July 12, 2018, Plaintiff initiated this action by filing a complaint seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled. ECF No. 1. Defendant now moves the Court for an order dismissing the above-captioned case because Plaintiff did not

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

file her civil action seeking review within the statutorily mandated 60-day time period. ECF No. 8 at 2. As noted above, Plaintiff did not file a response.

## **DISCUSSION**

42 U.S.C. § 405(g) governs the procedure in which suits against the Commissioner must be brought. It provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A claimant is presumed to have received notice of the Appeals Council's action five days after the date on the notice, unless Plaintiff makes a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

Defendant has put forth evidence that the Appeals Council's notice was issued on May 3, 2018. ECF No. 8. By operation of the regulations, Plaintiff is presumed to have received that notice five days later on May 8, 2018. 20 C.F.R. § 422.210(c). Thus, Plaintiff's deadline to file her civil action was on or before July 9, 2018. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c); ECF No. 8. Plaintiff did not file her complaint until July 12, 2018. ECF No. 1.

Accordingly, the Court finds that the complaint was not filed within the statutorily mandated 60-day time limit. Based on the record, Defendant's Motion to Dismiss, and the lack of response in opposition to the Motion to Dismiss, the Court finds good cause to GRANT Defendant's Motion to Dismiss.

///
///
///
///
///

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 8**, is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file.**

**DATED** this 29th day of November, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**